Peelle, J.,
delivered tbe opinion of tbe court:
Tbe only question presented is as to what compensation tbe claimant is entitled for transporting tbe mails by water — by way of ferry — between Birds Point and Cairo, a distance of 6 miles. Tbe claimant’s contract for transporting tbe mails terminated at Birds Point, no provision being made for tbe ferry service across tbe Mississippi River from that terminal point to Cairo.
Tbe ferry service was necessary to tbe purposes of the defendants in transporting tbe mails, and tbe same was performed by tbe claimant, as set forth in tbe findings, from May 18,1891, to December 31, 1894, with tbe knowledge and consent of tbe officers of tbe defendants having charge thereof and without objection from tbe claimant.
The claimant contends that as there was no specific compensation agreed upon for tbe ferry service, it should be paid, *570 as upon an implied contract, for work and labor done, and that the measure of condensation for the services so rendered should be based upon the ratio, in each year, between the cost per mile of operating the ferry and the cost per mile of operating the railroad during the period stated.
The defendants contend that the claimant’s mail route was in legal effect extended so as to include the service from Birds Point to Cairo, and that it should not be paid any sum “ exceeding pro rata additional pay” therefor, as provided by the Act August 3, 1882, section 1 (22 Stat. L., 216), which reads:
“ The Postmaster-General is hereby authorized, in cases where the mail service would be thereby improved, to extend service on amail route under contract, at not exceeding prorata additional pay, for any distance not exceeding 25 miles beyond either terminal point named in said contract: Provided, That no service shall be extended beyond the original terminal points more than once during the term for which the contract shall have been made.”
The ordinary rule, as between individuals, is that where one, in the absence of a specific agreement as to compensation, renders services to another with his knowledge and consent, such person will be entitled to reasonable compensation therefor. This is the rule on which the claimant relies, and but for the statute above cited would be applied in this case.
The statute, however, changed the rule in respect of the compensation to be paid by the Government for extended u service on a mail route under contract,” by limiting in terms the compensation for such extended service to “not exceeding pro rata additional pay for any distance not exceeding 25 miles beyond either terminal point named in said contract.”
So that if the service under the claimant’s contract was extended from Birds Point, the northern terminus, to Cairo, a distance of 6 miles, the statute fixes the compensation therefor, i. e., at the same rate per mile per annum that was paid to it for service between Birds Point and Texarkana, and of this the claimant was bound to take notice.
The contract did not obligate it to transfer or transport the mails from Birds Point to Cairo by ferry service or otherwise,but without a separate contract fixing compensation therefor, and without objection, it did so transport and transfer the mails in cars by ferryboats, thereby improving the mail service, purposed by the act as the basis of an extension. Such service, *571 therefore, became in legal effect a part of the contract,- which the claimant agreed to perform at the rate fixed by statute.
There having been no separate contract fixing a different rate therefor, we must consider the claimant’s service so rendered as an extension of its then existing mail route contract within the intent and meaning of the statute, and for this reason the claimant is entitled to recover only the compensation therein provided, amounting in this case to $2,517; for which judgment will be entered in its favor.